**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**ABBOTT FARMS, INC. a corporation, and Ralph H. Abbott, Defendants-Appellees.**

No. 76–4512
Summary Calendar *.

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1977.

Norman G. Winston, Assoc. Reg. Solicitor, Birmingham, Ala., Carin Ann Clauss, Solicitor of Labor, Dept. of Labor, Jacob I. Karro, Carl W. Gerig, Jr., Acting Assoc. Sol., John K. Light, Jr., Atty., Washington, D. C., for plaintiff-appellant.

R. B. Jones, Roger M. Monroe, Birmingham, Ala., for defendants-appellees.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc., v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

**PER CURIAM:**

This case is an enforcement action by the Secretary of Labor who sues to enjoin violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and to recover unpaid minimum wage and overtime compensation due employees of the defendant, Abbott Farms, Inc. The sole question presented on this appeal is whether the employees in question come within the agricultural exemption of the Fair Labor Standards Act. 29 U.S.C. § 203(f). The district court found the exemption applicable. Concluding that intervening decisions of the Supreme Court and of this circuit dictate a contrary result, we reverse.

The employees involved here work in the defendant's egg processing plant and related facilities and are engaged in processing, packing, storing, and shipping eggs and maintaining the employer's facilities, office records, equipment, and vehicles. Particular operations performed at the plant include cleaning, candling, grading, packing and delivering eggs. The eggs themselves are obtained by the defendant primarily from "contract growers." The growers collect eggs from hens owned by the defendant but raised and cared for by the growers at their farms. For these services the growers receive a fixed compensation plus incentive payments.

■ In *Bayside Enterprises, Inc., v. NLRB*, 429 U.S. 298, 97 S.Ct. 576, 50 L.Ed.2d 494 (1977), the Supreme Court held that the agricultural exemption of the National Labor Relations Act, 29 U.S.C.

§ 152(3),[1] does not apply to truck drivers employed by a poultry processing firm to transport feed from a company feedmill to contract growers who raise company-owned chicks for delivery to the company when ready for slaughter. The Court accepted the NLRB's view that the agricultural activity of the growers could not be attributed to the processor for purposes of the Act. *Id.* at 580.

■ Thus, *Bayside* dismantled the chief precedential prop of the defendant's case, *NLRB v. Strain*, 405 F.2d 1025 (5th Cir. 1969), holding that truck drivers at a poultry plant were agricultural laborers.[2] While *Bayside* does not speak directly of employees other than truckers, its egg already has hatched progeny of quite different sorts in the case law of this circuit. *See U. S. v. National Broiler Marketing Ass'n*, 550 F.2d 1380, 1390 (5th Cir. 1977); *Marshall v. Gulf and Western Industries, Inc.*, 552 F.2d 124 (5th Cir. 1977). Indeed, *Gulf and Western*, holding that the agricultural exemption does not apply to tomato packing facilities that processed tomatoes grown by independent farmers, is controlling here. As in *Gulf and Western*, the processing activities here are subject to the requirements of the Fair Labor Standards Act since they are independent of the contract growers' activity and nonagricultural in nature.

REVERSED.

■

[1] This provision is to be read in parallel with the agricultural exemption of the Fair Labor Standards Act. *Bayside Enterprises v. NLRB*, 97 S.Ct. 576, 578, 97 S.Ct. 576, 50 L.Ed.2d 494 (1977).

[2] Defendant gains no support from *Abbott Farms v. NLRB*, 487 F.2d 904 (5th Cir. 1973) (holding that Abbott's feedmill operation was an agricultural activity because incident to a poultry raising venture) in view of the Supreme Court's statement in *Bayside* that the feedmill operation in that case was "nonagricultural activity," 97 S.Ct. at 580.